**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY ALLARA, )<br><br>      Plaintiff, )<br><br>   vs. )<br><br>UNKNOWN, )<br><br>      Defendants. )<br>_____ ) | 2:08-CV-01474-RLH (VPC)<br><br>ORDER AND REPORT<br>**RECOMMENDATION** OF<br>**U.S. MAGISTRATE JUDGE**<br><br>June 23, 2009 |

        This Report and Recommendation is made to the Honorable Roger L. Hunt, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR 72-302.  Anthony Allara ("plaintiff") is a state prisoner proceeding *pro se*. Plaintiff initiated this action on June 12, 2008, seeking relief pursuant to 42 U.S.C. § 1983 (#1).  Plaintiff requested authority pursuant to 28 U.S. § 1915 to proceed in forma pauperis (#2). Plaintiff's application to proceed in forma pauperis was dismissed without prejudice because plaintiff failed to file the form used by the Eastern District of California (#15). Plaintiff has submitted a new in forma pauperis application (#s 16 & 20). Plaintiff has also filed an amended complaint (#11). In his complaint, plaintiff names as defendants the State of California, Folsom Prison, and two unnamed correctional officers. *Id*. Plaintiff alleges  that while he was housed at "Old Folsom[]" prison, he was called to the medical clinic by two correctional officers. During his transport to the clinic, the two officers "diverted [plaintiff] to a room, handcuffed then ordered [plaintiff] on [his] hands and knees then both proceeded to kick [his] ribs from both sides for five minutes." *Id*. Plaintiff claims that he developed a bruised lung as a result of this assault, which required him to undergo surgery. *Id*. Plaintiff also alleges that during two midnight cell raids at the Sacramento County Jail, two men held him down and another man bent his arm back to the point of fracture. *Id*. Plaintiff requests the court grant him "financial restitution." *Id*.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

1    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§

2    1914(a), 1915(b)(1). An initial filing fee of $1.35 will be assessed by this order. 28 U.S.C. §

3    1914(b)(1). By separate order, the court will direct the appropriate agency to collect the initial

4    filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter,

5    plaintiff will be obligated for monthly payments of twenty percent of the preceding month's

6    income credited to plaintiff's prison trust account. These payments will be forwarded to the

7    appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds

8    $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

9    The court is required to screen complaints brought by prisoners seeking relief against a

10   governmental entity or officer or employee of a governmental entity 28 U.S.C. § 1915A(a). The

11   court must dismiss the complaint if the claims contained in it, even when read broadly, are legally

12   frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money

13   damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A

14   claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v.*

15   *Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where

16   it is based on an indisputably meritless legal theory or where the factual contentions are clearly

17   baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully

18   pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th

19   Cir. 1989).

20   A complaint must contain more than a "formulaic recitation of the elements of a cause of

21   action;" it must contain factual allegations sufficient to "raise a right to relief above the

22   speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

23   "The pleading must contain something more...than...a statement of facts that merely creates a

24   suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this

25   standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg.*

26   *Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most

27   favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395

28

1   U.S. 411, 421 (1969).

2       To sustain an action under section 1983, a plaintiff must show (1) that the conduct

3   complained of was committed by a person acting under color of state law; and (2) that the conduct

4   deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d

5   676, 689 (9th Cir. 2006).

6       Plaintiff brings his complaint against the State of California, Folsom Prison, and two

7   unnamed correctional officers.  The Eleventh Amendment states: "The Judicial power of the

8   United States shall not be construed to extend to any suit... against one of the United States by

9   Citizens of another State... ."  U.S. Const. amend XI.  The Supreme Court has held that a suit

10  against a state official in his or her official capacity is not suit against that official, but rather a

11  suit against the official's office; therefore, an official acting in his or her official capacity is not

12  a "person" under section 1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

13  Since the state and its officials are not considered "persons" within the meaning of section 1983,

14  "they cannot be held liable under the statute for money damages."  *Bank of Lake Tahoe v. Bank*

15  *of America*, 318 F.3d 914, 918 (9th Cir. 2003). The Eleventh Amendment protects both the State

16  of California, and its institutions and officials, from suits for money damages. Plaintiff has only

17  requested money damages. The State of California and Folsom Prison are immune from suit and

18  improper defendants. Therefore, the State of California and Folsom Prison are dismissed from

19  this action.

20      Plaintiff also names as defendants "2 names of [correctional officers] in my unissued legal

21  property" (#11).  However, plaintiff does not include the names of either of these correctional

22  officers. It appears that plaintiff is stating an Eighth Amendment excessive force claim. Although

23  he does not include them in the "Parties" section of the complaint, plaintiff also claims that two

24  other men at the Sacramento County Jail injured his arm. *Id*. It is unclear whether these two men

25  are also correctional officers or if they are other inmates. Therefore, it is unclear whether plaintiff

26  is also bringing a claim of excessive force against these men, or if plaintiff is bringing a failure

27  to protect claim against the Sacramento County Jail. Although the Federal Rules adopt a flexible

28

- 3 -

1    pleading policy, a complaint must give fair notice and must allege facts that support the elements

2    of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9ᵗʰ

3    Cir. 1984). Further, although Doe pleading is proper in California, plaintiff must name at least

4    one proper defendant because even if the court allowed plaintiff to go forward, there would be

5    no identifiable party to upon whom to order service. *Merritt v. County of Los Angeles*, 875 F.2d

6    765, 768 (9ᵗʰ Cir. 1989). As such, plaintiff's complaint (#11) must be dismissed. The court will,

7    however, grant leave to file an amended complaint.

8         If plaintiff elects to proceed in this action by filing an amended complaint, he is advised

9    that he should clarify what constitutional right he believes each defendant has violated and

10   support each claim with factual allegations about each defendant's actions. There can be no

11   liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

12   defendant's actions and the claimed deprivation. *Rizzo v. Good*, 423 U.S. 362 (1976); *May v.*

13   *Enomoto*, 633 F.2d 164, 167 (9ᵗʰ Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9ᵗʰ Cir. 1978).

14   Plaintiffs claims must be set forth in short and plain terms, simply, concisely and directly. *See*

15   *Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8. Plaintiff must identify

16   at least one of the defendants by name.

17        To the extent that plaintiff seeks to bring an excessive force claim, he is advised that the

18   "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited

19   by the United States Constitution. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). *See also Ingraham*

20   *v. Wright*, 430 U.S. 651, 670 (1977); *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). However,

21   neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and

22   wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by

23   the Cruel and Unusual Punishments Clause." *Whitley*, 475 U.S. at 319. What is needed to show

24   unnecessary and wanton infliction of pain "varies according to the nature of the alleged

25   constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citing *Whitley*, 475 U.S.

26   at 320). The plaintiff must show that objectively he suffered a sufficiently serious deprivation and

27   that subjectively each defendant had a culpable state of mind in allowing or causing the plaintiff's

28

1    deprivation to occur. *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).

2         Plaintiff is informed that the court cannot refer to a prior pleading in order to make

3    plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint

4    be complete in itself without reference to any prior pleading. This is because, as a general rule,

5    an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th

6    Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any

7    function in the case. Therefore, in an amended complaint, as in an original complaint, each claim

8    and the involvement of each defendant must be sufficiently alleged.

9         The parties are advised:

10        1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72-304(b) of the Local Rules of

11   Practice, the parties may file specific written objections to this report and recommendation within

12   ten days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report

13   and Recommendation" and should be accompanied by points and authorities for consideration

14   by the District Court.

15        2.    This report and recommendation is not an appealable order and any notice of appeal

16   pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's

17   judgment.

18        Accordingly, IT IS HEREBY ORDERED that:

19        1. Plaintiff's October 6, 2008 application to proceed in forma pauperis is GRANTED; and

20        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

21   is assessed an initial partial filing fee of $1.35. All fees shall be collected and paid in accordance

22   with this court's order to the Director of the California Department of Corrections and

23   Rehabilitation filed concurrently herewith.

24        IT IS ALSO RECOMMENDED that the District Judge enter an order as follows:

25        1. Dismissing defendants the State of California and Folsom Prison from this action.

26        2. Dismissing the remainder of plaintiff's complaint without prejudice with leave to

27   amend.

28

1        3. Granting plaintiff thirty days from the date of service of this order to file an amended

2  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

3  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

4  assigned to this case and must be labeled "Amended Complaint"; failure to file an amended

5  complaint in accordance with this order will result in a recommendation that this action be

6  dismissed without prejudice.

7        **DATED:** June 22, 2009.

8

9

              _____

10                    **UNITED STATES MAGISTRATE JUDGE**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28